IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

```
JERRI D. ERWIN,                )
                               )
                Plaintiff,     )
                               )
vs.                            )    Case No. 07-1313-MLB
                               )
MICHAEL J. ASTRUE,             )
Commissioner of                )
Social Security,               )
                               )
                Defendant.     )
_____)
```

RECOMMENDATION AND REPORT

This is an action reviewing the final decision of the Commissioner of Social Security denying the plaintiff disability insurance benefits and supplemental security income payments. The matter has been fully briefed by the parties and has been referred to this court for a recommendation and report.

I. **General legal standards**

The court's standard of review is set forth in 42 U.S.C. § 405(g), which provides that "the findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." The court should review the Commissioner's decision to determine only whether the decision was supported by substantial evidence and whether the Commissioner applied the

correct legal standards. <u>Glenn v. Shalala</u>, 21 F.3d 983, 984 (10th Cir. 1994). Substantial evidence requires more than a scintilla, but less than a preponderance, and is satisfied by such evidence that a reasonable mind might accept to support the conclusion. The determination of whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it really constitutes mere conclusion. <u>Ray v. Bowen</u>, 865 F.2d 222, 224 (10th Cir. 1989). Although the court is not to reweigh the evidence, the findings of the Commissioner will not be mechanically accepted. Nor will the findings be affirmed by isolating facts and labeling them substantial evidence, as the court must scrutinize the entire record in determining whether the Commissioner's conclusions are rational. <u>Graham v. Sullivan</u>, 794 F. Supp. 1045, 1047 (D. Kan. 1992). The court should examine the record as a whole, including whatever in the record fairly detracts from the weight of the Commissioner's decision and, on that basis, determine if the substantiality of the evidence test has been met. <u>Glenn</u>, 21 F.3d at 984.

The Social Security Act provides that an individual shall be determined to be under a disability only if the claimant can establish that they have a physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial

gainful activity (SGA).  The claimant's physical or mental impairment or impairments must be of such severity that they are not only unable to perform their previous work but cannot, considering their age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.  42 U.S.C. § 423(d).

The Commissioner has established a five-step sequential evaluation process to determine disability.  If at any step a finding of disability or non-disability can be made, the Commissioner will not review the claim further.  At step one, the agency will find non-disability unless the claimant can show that he or she is not working at a "substantial gainful activity."  At step two, the agency will find non-disability unless the claimant shows that he or she has a "severe impairment," which is defined as any "impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities."  At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled.  If the claimant's impairment does not meet or equal a listed impairment, the inquiry proceeds to step four, at which the agency assesses whether the claimant can do his or her previous work; unless the claimant shows that he or she cannot perform their previous work, they are determined not

to be disabled.  If the claimant survives step four, the fifth and final step requires the agency to consider vocational factors (the claimant's age, education, and past work experience) and to determine whether the claimant is capable of performing other jobs existing in significant numbers in the national economy. Barnhart v. Thomas, 124 S. Ct. 376, 379-380 (2003).

The claimant bears the burden of proof through step four of the analysis.  Nielson v. Sullivan, 992 F.2d 1118, 1120 (1993). At step five, the burden shifts to the Commissioner to show that the claimant can perform other work that exists in the national economy.  Nielson, 992 F.2d at 1120; Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993).  The Commissioner meets this burden if the decision is supported by substantial evidence. Thompson, 987 F.2d at 1487.

Before going from step three to step four, the agency will assess the claimant's residual functional capacity (RFC).  This RFC assessment is used to evaluate the claim at both step four and step five.  20 C.F.R. § 404.1520(a)(4); 404.1520(f,g).

**II.  History of case**

On January 13, 2007, administrative law judge (ALJ) Edmund C. Werre issued his decision (R. at 14-21).  Plaintiff alleged disability beginning August 15, 2003 (R. at 14).  Plaintiff meets the insured status requirements of the Social Security Act through June 30, 2009 (R. at 16).  At step one, the ALJ found

4

that plaintiff has not engaged in substantial gainful activity since August 15, 2003, the alleged onset date (R. at 16).  At step two, the ALJ found that plaintiff had the following severe impairments: degenerative disc disease status post L5-S1 hemilaminotomy and discectomy, fibromyalgia, left rotator cuff tendonitis, partial right lung thoracoscopy and thoracotomy due to empyema, and depressive disorder (R. at 16).  At step three, the ALJ determined that plaintiff's impairments do not meet or equal a listed impairment (R. at 17).  After determining plaintiff's RFC (R. at 17), the ALJ found at step four that plaintiff could not perform past relevant work (R. at 20).  At step five, the ALJ found that plaintiff could perform a significant number of jobs in the national economy (R. at 20). Therefore, the ALJ concluded that plaintiff was not disabled (R. at 21).

**III.  Did the ALJ err in his evaluation of the opinions of treating physicians?**

The opinions of physicians, psychologists, or psychiatrists who have seen a claimant over a period of time for purposes of treatment are given more weight over the views of consulting physicians or those who only review the medical records and never examine the claimant.  The opinion of an examining physician is generally entitled to less weight than that of a treating physician, and the opinion of an agency physician who has never

seen the claimant is entitled to the least weight of all. Robinson v. Barnhart, 366 F.3d 1078, 1084 (10th Cir. 2004). A treating physician's opinion about the nature and severity of the claimant's impairments should be given controlling weight by the Commissioner if well supported by clinical and laboratory diagnostic techniques and if it is not inconsistent with other substantial evidence in the record. Castellano v. Secretary of Health & Human Services, 26 F.3d 1027, 1029 (10th Cir. 1994); 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). When a treating physician opinion is not given controlling weight, the ALJ must nonetheless specify what lesser weight he assigned the treating physician opinion. Robinson v. Barnhart, 366 F.3d 1078, 1083 (10th Cir. 2004). A treating source opinion not entitled to controlling weight is still entitled to deference and must be weighed using all of the following factors:

(1) the length of the treatment relationship and the frequency of examination;
(2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed;
(3) the degree to which the physician's opinion is supported by relevant evidence;
(4) consistency between the opinion and the record as a whole;
(5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and
(6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

Watkins v. Barnhart, 350 F.3d 1297, 1300-1301 (10th Cir. 2003).

After considering the above factors, the ALJ must give good reasons in his decision for the weight he ultimately assigns the

6

opinion.  If the ALJ rejects the opinion completely, he must then give specific, legitimate reasons for doing so.  Watkins, 350 F.3d at 1301.

An ALJ must evaluate every medical opinion in the record, although the weight given to each opinion will vary according to the relationship between the disability claimant and the medical professional.  Hamlin v. Barnhart, 365 F.3d 1208, 1215 (10th Cir. 2004).  In the determination of issues reserved to the Commissioner, such as opinions regarding: whether an impairment meets or equals a listing, plaintiff's RFC, whether a plaintiff can do past relevant work, how age, education, and work experience apply, and whether a plaintiff is disabled, treating source opinions are not entitled to special significance or controlling weight.  Soc. Sec. Rul. 96-5p, (Medical Source Opinions on Issues Reserved to the Commissioner), 1996 WL 374183, at *2.  However, even on issues reserved to the Commissioner, including the RFC determination and the ultimate issue of disability, opinions from any medical source must be carefully considered and must never be ignored.  Social Security Ruling (SSR) 96-5p, 1996 WL 374183 at *2-3.

Dr. Lewonowski indicated on August 17, 2004 that he felt that plaintiff's "low back injury coupled with her fibromyalgia and lobectomy secondary to empyema has made her for all practical purposes 100% disabled" (R. at 253).  On November 20, 2006, Dr.

White stated that plaintiff could occasionally and frequently lift less than 10 pounds, can stand for 10 minutes and walk 30 feet, and can sit for 30 minutes at a time. He further opined that plaintiff would need to lie down during the workday to manage pain or other symptoms (R. at 357). He indicated she had a limited ability to push/pull due to a left rotator cuff and pain and weakness on her right side. He felt she could never climb, balance, stoop, kneel, crouch, crawl, reach and handle with her right hand. He felt she could occasionally handle with her left hand, and could also occasionally finger and feel. He felt she should not be exposed to hot, cold, dust, vibration, heights, noise, and lights. The basis for these limitations were due to a rotator cuff injury, low back injury, and fibromyalgia. Dr. White relied on Dr. Lewonowski, Dr. Osland, and Dr. Estep in support of his findings. He indicated that plaintiff's limitations existed from February 6, 2004 through November 20, 2006, the date of the report (R. at 358).

The ALJ provided the following discussion regarding the opinions expressed by Dr. White and Dr. Lewonowski, who were plaintiff's treating physicians:

> As for the opinion evidence, Robert White, D.O., filled out a residual functional capacity form that, inter alai, noted the claimant could sit for 30 minutes at a time, but she would have to lie down during the normal workday to manage pain. However, Dr. White specifically stated that his opinion is based on the opinion of Dr. Lewonowski of

> August 17, 2004 that the claimant was 100% disabled due to low back pain (Exhibit B7F, p.111). The record clearly shows that the claimant improved. Dr. Lewonowski was of the further opinion that the claimant had motor testing of 5/5 of the lower extremities, reflexes of 1 plus and equal, intact sensation, and negative flip and dorsiflexor tests, and that she was 5 and ½ months out from surgery and was doing well.
>
> Additionally, there has been a long gap in medical treatment since that examination, which further supports the claimant was improving. Dr. White, who based his opinion on Dr. Lewonowski's opinion, last treated the claimant on October 10, 2006 and reported that the claimant had an exacerbation of pain due to helping her son move (Exhibit B/F, p.196).
>
> The record establishes Drs. White and Lewonowski had treating relationships with the claimant and their opinions may [be] accorded controlling weight under some circumstances (CFR 20 416.927. CFR 20 404.1527 and SSR 96-2p). However, the longitudinal record does not support disability under the Act. The statement of disability is in direct contrast to the statements, at the same time, of function and improvement found in the treatment notes. Additionally, there is a large gap in treatment after Dr. Lewonowski last saw the claimant that tends to support the claimant did improve. **Therefore. Dr. White and Dr. Lewonowski's opinions of disability are accorded less than controlling weight.** The decision regarding disability is reserved to the Commissioner based on all the evidence (SSR 96-5P). **Considering all of the above, the Administrative Law Judge is not persuaded by these opinions to the extent that they intend to assert complete disability under the Social Security Act.**

(R. at 19, emphasis added).  The ALJ further indicated that his

RFC findings were generally consistent with the evaluation by the state agency consultants (R. at 20).[1]

Plaintiff argues that the ALJ erred by not giving controlling weight to the opinions of plaintiff's treating physicians (Doc. 6 at 4). However, the opinion of a treating physician on an issue reserved to the Commissioner, including whether a claimant is disabled, is not entitled to controlling weight. Wade v. Astrue, 2008 WL 193236 at *2 (10th Cir. Jan. 23, 2008). Thus, the opinion of Dr. Lewonowski that plaintiff is disabled is not entitled to controlling weight.

On the other hand, the opinions of Dr. White consist of specific physical limitations. The record does contain two state agency physical RFC assessments which contain less restrictive limitations; they also include narrative discussions of the evidence (R. at 294-301, 317-326).[2] Thus, the opinions of plaintiff's treating physicians is inconsistent with other medical opinion evidence in the record. For this reason, there was a basis in the record for the ALJ not to accord controlling weight to the opinions of Dr. White.

---

[1]The state agency physical and mental RFC assessments were prepared in October 2004 (R. at 289-301; Exh. 12F and 13F).

[2]The 2nd state agency assessment, dated March 23, 2005, includes a summary of the medical evidence and an assessment of the opinions of Dr. Lewonowski and Dr. White from 2004 (R. at 323-324). This assessment predates Dr. White's specific RFC findings from 2006. However, the 2nd assessment was not mentioned by the ALJ in his decision.

10

Plaintiff also argues that the ALJ erred by failing to specify what lesser weight, if any, should be accorded to the opinions of Dr. White (Doc. 6 at 8).  When a medical opinion is not entitled to controlling weight, the ALJ is still required to specify what lesser weight, if any, should be assigned to a treating physician's opinion, using the factors set forth in 20 C.F.R. § 404.1527.  Langley v. Barnhart, 373 F.3d 1116, 1120, 1123 (10th Cir. 2004).  The ALJ found that the opinions of Drs. Lewonowski and Dr. White that plaintiff was disabled were not entitled to controlling weight.  However, the ALJ failed to discuss what weight, if any, should be accorded the specific limitations set forth by Dr. White.  The ALJ's RFC findings were based on the 1st state agency assessment (R. at 19, 20).  Thus, although it appears that the ALJ rejected the limitations set forth by Dr. White, the ALJ did not explain the basis for rejecting Dr. White's opinions.  Once the ALJ determines that a treating physician opinion is not entitled to controlling weight, it is error for the ALJ to completely reject the treating physician's opinions without any consideration of what lesser weight, if any, the opinion should be given, discussing the relevant factors set forth in § 404.1527.  Langley, 373 F.3d at 1120, 1123.  When the ALJ completely rejects a treating source opinion, the ALJ must give specific, legitimate reasons for doing so.  Robinson, 366 F.3d at 1082.  It is unclear to the court on

11

what basis the ALJ apparently rejected Dr. White's specific opinions regarding plaintiff's physical RFC.  See Sandoval v. Barnhart, 197 Fed. Appx. 801, 806 (10th Cir. Oct. 18, 2006)(The court found that the ALJ properly determined that the treating physician opinion was not entitled to controlling weight, but remanded the case in order for the ALJ to decide what weight, if any, should be assigned the treating physician opinions.  The court held it was unclear on what basis the ALJ apparently rejected the treating physician's specific conclusions regarding the claimant's RFC.)

Moreover, some of the reasons given by the ALJ for rejecting the opinions of plaintiff's treating physicians are not supported by the record.  The ALJ asserts that Dr. White specifically stated that his opinions were based on the opinion of Dr. Lewonowski of August 17, 2004 that plaintiff was 100% disabled (R. at 19).  However, that is not an accurate reflection of Dr. White's medical source statement.  On that statement, Dr. White noted that Dr. Lewonowski had found plaintiff to be 100% disabled.  However, Dr. White never stated that his opinions regarding plaintiff's various specific physical limitations were based on Dr. Lewonowski's general opinion that plaintiff was 100% disabled (R. at 357).  Dr. Lewonowski did not discuss any of the specific limitations set forth by Dr. White 2 years later.  Dr. White did indicate that the specific limitations set forth in his

12

statement were "mainly from [illegible] consultation & Dr. Lewonowski, Dr. Osland, and Dr. Estep confirming dx as described" (R. at 358). It is certainly clear that Dr. White did not solely rely on Dr. Lewonowski's opinion that plaintiff was 100% disabled when setting forth his opinions regarding plaintiff's specific physical limitations.

The ALJ also asserts that the opinion of disability was in direct contrast to the statements at the same time of function and improvement found in the treatment notes, specifically the statements by Dr. Lewonowski on August 17, 2004 that plaintiff had motor testing of 5/5 of the lower extremities, reflexes of 1 plus and equal, intact sensation, and negative flip and dorsiflexor tests, and was doing well 5 and ½ months after surgery (R. at 19, 253). However, the ALJ did not cite to any medical source who opined that these findings by Dr. Lewonowski are inconsistent with his opinion that same day that plaintiff was disabled, nor did he cite to any medical source who opined that these findings are inconsistent with the specific limitations set forth by Dr. White. An ALJ is not free to substitute his own medical opinion for that of a disability claimant's treating doctors. Hamlin v. Barnhart, 365 F.3d 1208, 1221 (10th Cir. 2004). The ALJ is not entitled to *sua sponte* render a medical judgment without some type of support for his determination. The ALJ's duty is to weigh conflicting evidence


and make disability determinations; he is not in a position to render a medical judgment. Bolan v. Barnhart, 212 F. Supp.2d 1248, 1262 (D. Kan. 2002). In the absence of any medical evidence to support the ALJ's assertion that these treatment notes are inconsistent with the opinions of Dr. Lewonowski or Dr. White, the ALJ overstepped his bounds into the province of medicine. Miller v. Chater, 99 F.3d 972, 977 (10th Cir. 1996).

Furthermore, the ALJ fails to cite to any treatment notes that clearly contradict the opinions of Dr. Lewonowski or Dr. White. The ALJ should cite to evidence in the record that supports his conclusion that the treating physician opinion of total disability is inconsistent with the clinical findings in the record. Diggdon v. Apfel, 1999 WL 617702 at *5 (10th Cir. Aug. 16, 1999).

For the reasons set forth above, the court will recommend that this case be remanded in order for the ALJ to set forth what lesser weight, if any, should be accorded to the opinions of Dr. Lewonowski and Dr. White. The ALJ shall specifically address what lesser weight, if any, should be accorded to Dr. White's opinions regarding plaintiff's physical limitations. The ALJ shall then make new RFC findings after giving proper consideration to the treating source opinions.

Plaintiff also argues that the ALJ should have recontacted Dr. Lewonowski and Dr. White for clarification of their opinions

before rejecting them.  The ALJ gave no reasons in his decision for not recontacting the treating physicians.  In the case of <u>Robinson v. Barnhart</u>, 366 F.3d 1078, Dr. Baca, plaintiff's treating psychiatrist, completed an assessment of the claimant's mental ability to do work-related activities.  Dr. Baca concluded that plaintiff's limitations as set forth in the assessment were severe enough to preclude plaintiff from any employment.  366 F.3d at 1081.  The court held that the ALJ's statement that Dr. Baca's records did not give a reason for his opinion that claimant is unable to work triggered the ALJ's duty to seek further development of the record before rejecting his opinion. 366 F.3d at 1084.  The court further held:

> If evidence from the claimant's treating doctor is inadequate to determine if the claimant is disabled, an ALJ is required to recontact a medical source, including a treating physician, to determine if additional needed information is readily available. See 20 C.F.R. §§ 404.1512(e)(1) and 416.912(e)(1) ("We will seek additional evidence or clarification from your medical source when the report from your medical source contains a conflict or ambiguity that must be resolved, the report does not contain all the necessary information, or does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques."); <u>see</u> <u>also</u> <u>McGoffin</u>, 288 F.3d at 1252 (holding ALJ had obligation to recontact treating physician if validity of his report open to question). The responsibility to see that this duty is fulfilled belongs entirely to the ALJ; it is not part of the claimant's burden. <u>White v. Barnhart</u>, 287 F.3d 903, 908 (10th Cir.2001).

366 F.3d at 1084.  The court in <u>Robinson</u> then stated that if the ALJ concluded that the treating physician failed to provide sufficient support for his conclusions about plaintiff's limitations, the severity of those limitations, the effect of those limitations on her ability to work, or the effect of prescribed medication on her ability to work, the ALJ should have recontacted the treatment provider for clarification of his opinion before rejecting it.  366 F.3d at 1084.  In addition, SSR 96-5p states the following:

> Because treating source evidence (including opinion evidence) is important, if the evidence does not support a treating source's opinion on any issue reserved to the Commissioner and the adjudicator cannot ascertain the basis of the opinion from the case record, the adjudicator must make "every reasonable effort" to recontact the source for clarification of the reasons for the opinion.

1996 WL 374183 at *6.

The court believes that the partly illegible response by Dr. White explaining the bases for his opinions regarding plaintiff's physical limitations might well justify recontacting Dr. White. When this case is remanded, the ALJ should determine whether or not to recontact Dr. Lewonowski and Dr. White in accordance with the above regulations and case law.  If the ALJ decides not to recontact them, the ALJ must set forth his reason(s) for not recontacting them.  However, even if the ALJ does not recontact the treating physicians, plaintiff can certainly recontact them

16

in order to obtain from them clarification of the reasons for their opinions.

IT IS THEREFORE RECOMMENDED that the decision of the Commissioner be reversed, and that the case be remanded for further proceedings (sentence four remand) for the reasons set forth above.

Copies of this recommendation and report shall be provided to counsel of record for the parties.  Pursuant to 28 U.S.C. § 636(b)(1), as set forth in Fed.R.Civ.P. 72(b) and D. Kan. Rule 72.1.4, the parties may serve and file written objections to the recommendation within 10 days after being served with a copy.

Dated at Wichita, Kansas, on April 23, 2008.

                                             s/John Thomas Reid  
                                             JOHN THOMAS REID  
                                             United States Magistrate Judge